UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THADDEUS ANDERSON, JR.,

      Plaintiff,

v.

                                            Case No. 3:24-cv-100-HES-SJH

ROBIN WEISS,

      Defendant.
_____

# ORDER

## I. Status

Plaintiff, an inmate of the Florida penal system, initiated this action, *in forma pauperis*, by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983. Doc. 1. He is proceeding on a Third Amended Complaint against one Defendant – Psychologist Robin Weiss.[1] Doc. 68. He asserts that Defendant acted deliberately indifferent to his serious mental health needs, violating his rights under the Eighth Amendment.

Defendant Weiss previously moved to dismiss the Third Amended Complaint, arguing that Plaintiff failed to exhaust his administrative remedies

---

[1] Because the Court found Plaintiff failed to state a claim for relief against Jason Avery, the Court dismissed Plaintiff's claims against Avery with prejudice. *See* Doc. 83. In Defendant Weiss's first motion to dismiss, *see* Doc. 71, Weiss only alleged that Plaintiff failed to exhaust his administrative remedies, which the Court found was an insufficient argument to support dismissal at that time, *see* Doc. 83.

1

because the one grievance Plaintiff filed regarding his claim against Weiss (log # 2312-135-027) was denied as untimely filed. *See* Doc. 71. The Court denied that motion, finding that Weiss failed to disprove Plaintiff's allegation that he filed another grievance (log # 2311-135-055) to fully exhaust his claim against Weiss. *See* Doc. 83.

Before the Court is Defendant Weiss's Renewed Motion to Dismiss or Alternatively Motion for Judgment on the Pleadings, *see* Doc. 88 (Motion); with exhibits, *see* Doc. 88-1. In the Motion, Defendant Weiss reasserts that Plaintiff's Third Amended Complaint should be dismissed because he failed to exhaust his administrative remedies.[2] *See generally* Doc. 88. Plaintiff has responded to the Motion. *See* Docs. 92, 93. The Motion is ripe for review.

## II. Plaintiff's Allegations

Plaintiff alleges that on August 21, 2023, while housed at Suwannee Correctional Institution's Main Unit, he declared a mental health emergency due to his suicidal ideation and intent to self-harm. Doc. 68 at 7. Plaintiff asserts that Avery saw Plaintiff had cut his wrists, but he failed to place Plaintiff on self-harm observation status (SHOS).

---

[2] Because Defendant Weiss raised an exhaustion defense in his earlier motion to dismiss, Federal Rule of Civil Procedure 12(g)(2) does not prevent Weiss from filing another Rule 12 motion raising an exhaustion argument. *Cf. Brooks v. Warden*, 706 F. App'x 965, 969 (11th Cir. 2017) ("Because [the defendant] did not raise the exhaustion defense in his first motion to dismiss under Rule 12, he 'must not make another motion under this rule raising that defense.'").

According to Plaintiff, after his interaction with Avery, on September 26, 2023, officials placed Plaintiff in SHOS. *Id.* at 9, 23. Plaintiff alleges that on October 2, 2023, while Plaintiff was still in SHOS, Defendant Weiss ignored Plaintiff's pleas that he felt suicidal and had thoughts of hurting himself, and instead discharged Plaintiff from SHOS, placing Plaintiff in danger. *Id.* at 9. He contends that the same day he was discharged, Plaintiff harmed himself again due to Weiss's deliberate indifference in failing to protect him. *Id.*

As a result of Weiss's alleged inactions and actions, Plaintiff asserts he suffered several self-inflicted cuts to his wrists, which required sutures. *Id.* at 10. As relief, he requests, injunctive and declaratory relief as well as monetary damages. *Id.* at 11.

### III. Discussion

*Exhaustion*

The Prison Litigation Reform Act (PLRA) requires Plaintiff to exhaust his available administrative remedies before pursuing a § 1983 claim about prison conditions. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted."); *see also Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006) (noting that a prisoner must exhaust administrative remedies before challenging the conditions of confinement, and concluding that the PLRA demands "proper exhaustion"). Nevertheless, Plaintiff need not

3

"specially plead or demonstrate exhaustion in [his] complaint[]." *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, the United States Supreme Court has recognized that "failure to exhaust is an affirmative defense under the PLRA[.]" *Id.*

Importantly, exhaustion of available administrative remedies is "a precondition to an adjudication on the merits." *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008); *see also Jones*, 549 U.S. at 211. The Supreme Court has instructed that while "the PLRA exhaustion requirement is not jurisdictional[,]" *Woodford*, 548 U.S. at 101, "exhaustion is mandatory . . . and unexhausted claims cannot be brought," *Pavao v. Sims*, 679 F. App'x 819, 823 (11th Cir. 2017) (per curiam) (citing *Jones*, 549 U.S. at 211).[3] Not only is there a recognized exhaustion requirement, "the PLRA . . . requires proper exhaustion" as set forth in applicable administrative rules and policies of the institution. *Woodford*, 548 U.S. at 93.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060-61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

4

> exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."

*Id.* at 90 (citation omitted). Indeed, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Id.*

Because failure to exhaust administrative remedies is an affirmative defense, Defendant bears "the burden of proving that [Plaintiff] has failed to exhaust his available administrative remedies." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). The Eleventh Circuit has articulated a two-step process that the Court must employ when examining the issue of exhaustion of administrative remedies.

> In *Turner v. Burnside* we established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust. 541 F.3d at 1082. First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. *Id.* Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust. *Id.* at 1082-83; *see also id.* at 1082 (explaining that defendants bear the burden of showing a failure to exhaust).

*Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015). At step two of the procedure established in *Turner*, the Court can consider facts

5

outside the pleadings as long as those facts do not decide the case and the parties have had sufficient opportunity to develop the record.[4] *Bryant*, 530 F.3d at 1376; *see also Jenkins v. Sloan*, 826 F. App'x 833, 838-39 (11th Cir. 2020).

State law "determines what steps are required to exhaust." *Dimanche v. Brown*, 783 F.3d 1204, 1207 (11th Cir. 2015); *see also Jones*, 549 U.S. at 218 (stating that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion"). The Florida Department of Corrections (FDOC) provides an internal grievance procedure for its inmates. *See* Fla. Admin. Code R. 33-103.001 through 33-103.018. Generally, to properly exhaust administrative remedies, a prisoner must complete a three-step sequential process. First, an inmate must submit an informal grievance at the institutional level to a designated staff member responsible for the specific problem. *See* Fla. Admin. Code R. 33-103.005. If the issue is not resolved, the inmate must submit a formal grievance at the institutional level. *See* Fla. Admin. Code R. 33-103.006. If the matter is not resolved through formal and informal grievances, the inmate must file an appeal to the Office of the FDOC

---

[4] In an unpublished decision, the Eleventh Circuit suggests that a pro se plaintiff must receive notice of his opportunity to develop the record on exhaustion. *See Kinard v. Fla. Dep't of Corr.*, No. 24-10359, 2024 WL 4785003, at *7 (11th Cir. Nov. 14, 2024) (per curiam). Here, the Court notified Plaintiff that he had forty-five days to respond to any motion to dismiss. *See* Order (Doc. 13) at 3. Plaintiff responded to Defendant Weiss's Motion (Docs. 92, 93) and addressed the exhaustion argument. He does not suggest that he requires additional discovery. As such, Plaintiff has received notice and an opportunity to develop the record on exhaustion.

Secretary. *See* Fla. Admin. Code R. 33-103.007.

But the ordinary three-step procedure does not always apply. For example, a prisoner may skip the informal grievance step and immediately file a formal grievance for issues pertaining to various things, including "medical grievances" or "a formal grievance of a medical nature." Fla. Admin. Code r. 33-103.005(1); Fla. Admin. Code r. 33-103.008. If a prisoner can bypass the informal grievance step, he must typically file the formal grievance with the warden within 15 days from the date on which the incident or action being grieved occurred. Fla. Admin. Code r. 33-103.011(1)(b). A response must be provided to the inmate within 20 days of receipt of the formal grievance. Fla. Admin. Code r. 33-103.006(6). "If the inmate is unsatisfied with the resolution of a formal grievance, he may appeal the grievance to the Office of the Secretary using Form DC1-303 (same form as a formal grievance)." *Jenkins v. Sloan*, 826 F. App'x 833, 835 (11th Cir. 2020) (citing Fla. Admin. Code Ann. R. 33-103.007). The grievance appeal to the Office of the Secretary must be received within 15 days from the date the response to the formal grievance is returned to the inmate. Fla. Admin. Code r. 33-103.11(c).

Defendant Weiss argues that Plaintiff failed to exhaust his administrative remedies for his claim against Weiss because the two administrative grievances Plaintiff filed were either denied as untimely filed or did not reference Plaintiff's claim against Weiss. *See* Doc. 88 at 14. In

7

response to Weiss's argument, Plaintiff asserts that he exhausted his administrative remedies, seemingly relying on the arguments he made in response to Weiss's first motion to dismiss, and the Court's prior Order on this issue. *See* Doc. 93 at 2; Doc. 83 at 11.

Here, accepting Plaintiff's view of the facts as true, the Court finds dismissal of the claim against Defendant Weiss for lack of exhaustion is not warranted at the first step of *Turner*. Thus, the Court proceeds to the second step of the two-part process in which the Court considers the parties' disputes about exhaustion and makes findings of fact.

In his response to Weiss's first motion to dismiss, Plaintiff alleged that he exhausted his administrative remedies for his claims against Weiss through two formal grievances – formal medical grievance (log # 2312-135-027); and formal medical grievance (log # 2311-135-055). Doc. 82 at 2. As explained in the Court's prior Order, it is undisputed that formal medical grievance (log # 2312-135-027) was returned as untimely, and thus Plaintiff did not exhaust his administrative remedies through that grievance. *See* Doc. 83 at 10.

Now, Weiss attaches to his current Motion a copy of formal medical grievance (log # 2311-135-055) to prove that Plaintiff did not exhaust his administrative remedies through that grievance either. Notably, Weiss argues that in that grievance, Plaintiff did not reference his claims against Weiss, making it insufficient for purposes of exhaustion.

8

In formal medical grievance (log # 2311-135-055), Plaintiff alleged the following:

> On 8-21-23 mental health counselor (B-Avery) refused me Mr. Anderson, Thaddeus [ ] proper mental health care.
>
> *violation of: (delibrate [sic] indifference) (8th Amendment) (ch-33-mental health F.A.C.) (code of conduct F.A.C.)
>
> * On 8-21-23 I Mr. Anderson was have [sic] a mental health crisis and felt very suicide [sic], and starting cutting my wrist. I caught myself and declared a[] mental health emergency
>
> Counselor B-Avery shows up and pulls me out to evaluate me. "See Avery's notes on (8-21-23)"
>
> *Avery states depressed, miss his family, cuts on left wrist, "on record" and I wasn't placed on SHOS [ ]
> *self-harm or suicidal actions I was suppose to be place on "self-harm, observation status which is (SHOS). This same counselor (Avery) has placed inmates on (SHOS) for only verbally stating they are suicide [sic].
> *Placing me on (SHOS) would've prevented further self harm on 9/26/23
> *Counselor B-Avery violated and refused a serious medical need, and acted deliberate indifference to me.

Doc. 88-1 at 6.

On November 30, 2023, the warden denied formal medical grievance (log # 2311-135-055), stating:

> You were seen by MHP Avery, on 08/21/23 for a mental health emergency. Records document that you had a superficial self-inflicted wound which you stated you did for attention because you wanted to make a phone call. You denied suicidal intentions and stated you did not want to go to SHOS. You received proper mental health treatment.

Doc. 88-1 at 5. Plaintiff then completed the administrative grievance process for those allegations by filing an administrative appeal (log # 23-6-38425), *see* Doc. 88-1 at 8, which was also denied, *see id.* at 7.

Upon review, the Court finds that formal medical grievance (log # 2311-135-055) contains no allegations regarding Plaintiff's claims that on October 2, 2023, Weiss was deliberately indifferent to Plaintiff's mental health needs and failed to protect him. Indeed, the grievance neither mentions events that occurred on October 2, 2023, nor Defendant Weiss's alleged actions or inactions. As such, this grievance would not have placed prison officials on notice of Plaintiff's claims against Defendant Weiss. *See Whatley*, 802 F.3d at 1214-15 ("The purpose of the PLRA's exhaustion requirement is to 'afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" (quoting *Woodford*, 548 U.S. at 93)). Thus, the Court finds Plaintiff failed to exhaust his claim against Defendant Weiss and the Motion is due to be granted as to this argument.[5]

---

[5] Because the Court finds that Defendant Weiss's Motion is due to be granted as to his exhaustion argument, the Court need not address his failure to state a claim argument.

10

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. Defendant Weiss's Renewed Motion to Dismiss Plaintiff's Third Amended Complaint or Alternatively Motion for Judgment on the Pleadings (Doc. 88) is **GRANTED to the extent** that Plaintiff's claims against Defendant Weiss are **DISMISSED without prejudice** for Plaintiff's failure to exhaust his administrative remedies.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of January, 2026.

*HARVEY E. SCHLESINGER*
United States District Judge

Jax-7
C: Thaddeus Anderson, Jr., #J42152
   Counsel of record

11